UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORA R. BROWN,

                              Plaintiff,

                                                CIVIL CASE NO. 05-40308

v.

TROTT & TROTT, P.C., et al.,              HONORABLE PAUL V. GADOLA
                                                        U.S. DISTRICT COURT

                              Defendants.
_____/

## ORDER DISMISSING COMPLAINT

On October 5, 2005, Plaintiff, pro se, filed a three-page complaint, attached with more than 30 additional pages of other documents. The complaint is unclear, vague, and unintelligible. Two of the defendants mentioned in the complaint, Defendant Trott & Trott and Defendant Tri-County Title Agency, have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). A third defendant, DeAndre Love, pro se, submitted his own vague letter to the Court requesting that the case be stayed because of its relation to a closed bankruptcy case, No. 03-73222, before Bankruptcy Judge Tucker, of the Eastern District of Michigan. The Court, however, is unable to determine the relevance of the bankruptcy case to Plaintiff's present action.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Court recognizes that a complaint written by a pro se litigant must be held to a lesser standard than a complaint drafted by an attorney with a legal background. *See Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's complaint, however, is so confusing that it is unclear exactly what the nature

of her allegations are and to whom she is addressing them.

Rule 12(f) of the Federal Rules of Civil Procedure permits, "upon the court's own initiative at any time," to strike a pleading that does not follow the Federal Rules with regard to pleading requirements. "Dismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 41-42 (2d Cir. 1988) (citing *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).

In this case, because of its incoherence, the Court finds that dismissal of the entire complaint is proper. In order to remedy the problems with her complaint, the Court will permit Plaintiff to file an amended complaint in compliance with the Federal Rules of Civil Procedure.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** and that Plaintiff may file an amended complaint within 30 days of the issuance of this order.

**IT IS FURTHER ORDERED** that the motions to dismiss filed by Defendants Trott & Trott, Tri-County Title Agency, and DeAndre Love are **DENIED AS MOOT**.

**SO ORDERED.**


Dated: January 30, 2006                            s/Paul V. Gadola
                                                   HONORABLE PAUL V. GADOLA
                                                   UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  January 31, 2006 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                    David E. Laesser, II                                      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  Theodora R. Brown; Charles L. Hahn; Deandre Love              .


                                                              s/Ruth A. Brissaud
                                                              Ruth A. Brissaud, Case Manager
                                                              (810) 341-7845